IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Brandon Miller, <br><br> On behalf of himself and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Charter Nex Films – Delaware, OH, Inc. <br> c/o Corporation Service Company <br> 50 West Broad Street, Ste. 1330 <br> Columbus, Ohio 43215 <br><br> -and- <br><br> Charter Nex Films, Inc. <br> c/o Corporation Services Company <br> 8040 Excelsior Dr., Ste. 400 <br> Madison, Wisconsin <br><br> -and- <br><br> Charter Nex Holdings Company <br> c/o Corporation Services Company <br> 8040 Excelsior Dr., Ste. 400 <br> Madison, Wisconsin <br><br> Defendants. | Case No. 2:18-cv-1341 <br><br> Judge <br><br> Magistrate Judge <br><br> **JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Brandon S. Miller ("Named Plaintiff" or "Plaintiff Miller"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Charter Nex Films – Delaware, OH, Inc. ("Defendant Charter Nex Ohio"), Charter Nex Films, Inc. ("Defendant Charter Nex Films"), and Charter Nex

Page **1** of **17**

Holdings Company ("Defendant Charter Nex Holdings") (collectively "Defendants" or "Charter Nex") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Southern District of Ohio, and Defendants have their principal place of business or they otherwise conducted substantial business in the Southern District of Ohio.

**II.     PARTIES**

4. Named Plaintiff is an individual, United States citizen, and resident of this judicial district in the State of Ohio.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts in the position of machine operator and/or packer, beginning in or around April of 2017 through September of 2018.

6. During his employment with Defendants, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked because Defendants did not properly calculate overtime based on his ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on *his hourly rate of pay*, resulting in unpaid overtime wages for the duration of his employment with Defendants.

7. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated for the three years preceding the filing date of this Complaint and continuing until trial (three years preceding this filing date hereinafter "Relevant Time Period").

8. Plaintiff has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9. Defendant Charter Nex Ohio is a domestic for-profit corporation authorized to do business in Ohio that conducts business in this judicial district.

10. Defendant Charter Nex Ohio is and has been doing business in this judicial district.

11. Defendant Charter Nex Films is a foreign for-profit corporation that conducts business in this judicial district.

12. Defendant Charter Nex Holdings Company is a foreign for-profit corporation that conducts business in this judicial district.

13. At all times relevant, Defendants have each jointly been an "employer" as that term is defined by the FLSA and the Ohio Acts.

14. During relevant times, Defendants jointly maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

15. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

16. During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

17. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

18. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

19. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

20. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

21. Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have

had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. STATEMENT OF FACTS

23. All of the preceding paragraphs are realleged as if fully rewritten herein.

24. During his employment with Defendants, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendants did not properly calculate their regular rate of pay for the purposes of meeting the minimum requirements set forth in the FLSA, resulting in unpaid overtime wages.

25. Defendants pay Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

26. In addition to the Base Hourly Wage, Defendants pay their employees additional forms of remuneration which the FLSA requires to be included in the calculation of employees' regular rate of pay for overtime compensation, including shift differentials or shift premiums for working certain hours / shifts (hereinafter "Shift Differentials"), monthly nondiscretionary bonus payments, quarterly nondiscretionary bonus payments, monthly nondiscretionary attendance bonus payments in the form of gift-cards, and a one-time nondiscretionary hire-on bonus (hereinafter the nondiscretionary monthly, quarterly, attendance, and hire-on bonus payments will collectively be referred to as "Performance Incentives") (hereinafter the Shift Differentials and

Performance Incentives will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b); 778.211(c).

27. During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in numerous workweeks.

28. When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rate of pay for purposes of overtime pay because Defendants did not include the Additional Remuneration in its regular rate calculations.

29. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

30. Defendants instead paid Named Plaintiff and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-half times their *regular rate of pay*, as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

31. Upon information and belief, Defendants, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

32. During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

33. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

34. For the three years preceding this filing, Defendants applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

35. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

36. Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their ***regular rate of pay***, as that phrase is defined under the FLSA, but they willfully elected not to fully compensate their employees during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages.

37. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Collective Class" or the "§216(b) Collective Class Members").

38. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

39. In addition to the Named Plaintiff, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendants' company-wide payroll policy and

practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and were paid their Base Hourly Wage and Additional Remuneration. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative §216(b) Collective Class Members overtime at a rate of at least one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

40. The identity of the putative §216(b) Collective Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

41. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and §216(b) Collective Class Members overtime wages. Thus, Defendants enjoyed substantial profits at the expense of the Named Plaintiff and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

42. Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendants working in Ohio, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint

and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

43. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendants' policy and practice of not fully compensating their employees at the proper overtime rate during workweeks when they received additional forms of remuneration as described herein.

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

46. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

47. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

48. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate

declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendants' failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received additional forms of remuneration; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective Class Members.

57. During the relevant time period preceding this Complaint, Defendants employed the Named Plaintiff and the §216(b) Collective Class Members.

58. Named Plaintiff and the §216(b) Collective Class Members were paid on an hourly basis when working in non-exempt positions.

59. Named Plaintiff and the §216(b) Collective Class Members worked in excess of 40 hours in numerous workweeks during their employment.

60. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

61. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

62. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the §216(b) Collective Class Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

63. Named Plaintiff and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

64. Named Plaintiff and the §216(b) Collective Class Members worked in excess of forty hours per week during all times relevant.

65. Named Plaintiff and the §216(b) Collective Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

66. Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Collective Class Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendants did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

67. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Class Members are entitled.

68. The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the §216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendants' possession.

69. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the §216(b) Collective Class Members.

**COUNT II**
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

72. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants and Defendants are employers covered by the overtime requirements under Ohio law.

73. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

74. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received additional forms of remuneration as described herein.

75. Defendants' company-wide corporate policy and/or practice of not properly paying their hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks that employees also received additional forms of remuneration as described herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

76. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

77. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their

correct regular rates of pay for hours worked over forty (40) hours in a workweek because Defendants did not properly calculate their employees' overtime rate when they received Additional Remuneration as described herein.

78. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

79. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

80. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

83. During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

84. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on

or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

85. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

86. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

88. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendants as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendants' payroll policy or practice of not properly calculating the overtime rate during workweeks its employees received Additional Remuneration for Named Plaintiff and the § 216(b) Class as described herein violates the FLSA;

D. Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

E. Judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F. Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Acts, and for an Order as follows:

J. Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

K. Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding Named Plaintiff, the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter A. Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman