**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRANDON MILLER, et al.,** ) | |
| ) | Case No. 2:18-cv-1341 |
| **Plaintiffs,** ) | |
| ) | Judge Sarah D. Morrison |
| v. ) | |
| ) | Magistrate Judge Kimberly A. Jolson |
| **CHARTER NEX FILMS -** ) | |
| **DELAWARE, OH, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION & ORDER**

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement and its supporting documents (ECF No. 61) and the parties' Amended Joint Motion for Preliminary Approval of Settlement (ECF No.67). For the following reasons, the parties' motions are **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

Plaintiffs Brandon Miller's and Seth Record's December 21, 2018 Amended Complaint (ECF No. 8) asserts a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and a class action pursuant to Federal Rule of Procedure 23 and the Ohio Minimum Fair Wage Standards Act, O.R.C. § § 4111.03, 4111.08 ("the Ohio Wage Act") and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15. Plaintiffs allege that Defendants Charter Nex Films – Delaware, Ohio, Inc., Charter Nex Films, Inc. and Charter Nex Holding Company failed to pay their employees for overtime hours worked. Defendants deny all claims. (ECF No. 12). Defendant Charter Nex Holding Company has been dismissed from the action. (ECF No. 20.)

1

The Court granted the Joint Motion and Stipulation of Conditional Certification on February 4, 2019. (ECF No. 21). The order conditionally certified the following classes under § 216(b) of the FLSA:

> i. All current and former hourly, non-exempt employees of Charter NEX Films, Inc., Charter NEX Films – Delaware, OH, Inc., or Charter NEX Films – Bloomer, WI, Inc., who received a base hourly wage and shift differentials, shift premiums, and/or nondiscretionary bonus payments during any workweek that they worked over 40 hours beginning December 21, 2015 and continuing through the date of final disposition of this case (the "Additional Remuneration Subclass").
>
> ii. All current and former hourly, non-exempt employees of Charter NEX Films, Inc., Charter NEX Films – Delaware, OH, Inc., or Charter NEX Films – Bloomer, WI, Inc., who since December 21, 2015 have worked at least forty hours in any workweek and were required to track their hours worked with the clock-in and clock-out time tracking system (the "Rounding Subclass").

*Id.*, *see also* ECF No. 19. In addition, the Court approved the Notice of Collective Action Lawsuit and the Consent to Join form. (ECF No. 21.) Both were mailed and the notice period ended on November 25, 2019.

The parties' seven-month long settlement discussions produced the proposed Amended Settlement Agreement and Release ("Agreement") (ECF No. 67-1) and the instant motions. Under the Agreement, the parties stipulated to Fed. R. Civ. P. 23 class certification of the following "Ohio Settlement Class":

> All current and former hourly, non-exempt employees of Defendants working in Ohio who worked over 40 hours in any workweek from December 21, 2015, through January 1, 2019, who (i) received a base hourly wage and additional remuneration during any workweek that they worked over 40 hours; or (ii) were required to track their hours worked with the clock-in and clock-out time tracking system.

2

(ECF No. 67-1 at 4.) The Agreement defines the "FLSA Settlement Class" to include:

> [A]ll current and former hourly, non-exempt employees of Defendants who (i) worked over 40 hours in any workweek from December 21, 2015 through January 1, 2019, (ii) who received a base hourly wage and additional remuneration during any workweek that they worked over 40 hours, or were required to track their hours worked with the clock-in and clock-out time tracking system, and (iii) who timely submitted an "opt-in" consent form, asserting their FLSA claim(s).

*Id*.

The Agreement calls for Defendants to pay a total settlement amount of $140,000, which includes the following distribution: (1) $79,441 for settlement award payments to class and collective members; (2) $6,000 for service payments, with $3,000 going to each named Plaintiff; (3) $46,500 for payment of Class Counsel's fees; and (4) $8,059 for payment of class counsel's costs. (ECF No. 61-1 at 5.) The parties state that the $79,441 sum, which is to be distributed on a *pro rata* basis, "exceeds Plaintiffs' maximum recovery" for all damages except for the contested rounding claim. *Id*. Plaintiffs are conceding any damages for that count as part of the settlement. *Id*.

The parties agree on three separate notices being mailed to the respective class members. Those include the "FLSA Only Notice," the "Hybrid Notice," and the "Rule 23 Only Notice" (collectively "Notices"). *Id*. The differing Notices are required because some class members have only FLSA claims, some have only state claims, and the remainder have both. *Id*. Each Notice details the reason for the notice, provides an explanation for the lawsuit and includes the settlement class member's *pro rata* share. *Id*. at 67-1 at Exs. A-C. The Notices detail how the Agreement was reached and the benefits and drawbacks of the Agreement. The Notices explain the opt-out procedure and how to object to the Agreement. Lastly, the Notices provide that cashing the check and/or opting-out will result in releasing any and all claims against Defendants.

The parties now seek preliminary approval of the Agreement.

**II.     DISCUSSION**

**A. Approval of FLSA Settlement**

"The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citation omitted). An exception to this rule allows courts to review and approve settlement agreements in private actions for back wages under 29 U.S.C. § 216(b). *Id.* When reviewing a FLSA settlement, "the federal district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Sharier v. Top of the Viaduct, LLC*, No. 5:16-CV-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (alteration in original)). Instead of negotiating around the FLSA's requirements, there must exist a bona fide dispute between the parties. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13-cv-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

Factors relevant to the approval analysis include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 07-cv-430, 2011 WL

2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

After a careful review of the parties' motions and their Agreement, the Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute among the parties. There is no evidence the Agreement is the result of anything other than arm's length negotiations between experienced opposing counsel. Prior to reaching an agreement, counsel had access to sufficient discovery to adequately assess the likelihood of success and the risks involved in continued litigation. The Court will address attorney's fees, costs, and service awards at the final approval hearing.

**B.** **Rule 23**

"The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996). In particular, "'[b]efore a court may certify a class, it must ensure that the class satisfies each of Rule 23(a)'s requirements and that it falls within one of three categories permitted by Rule 23(b).'" *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. 276, 284-85 (E.D. Mich. 2017) (quoting *UAW*, 497 F.3d at 625) (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Indeed, a court may certify a class only after it performs a "rigorous analysis" of Federal Rule of Civil Procedure 23's requirements. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The parties' failure to satisfy Rule 23(a) and one of Rule 23(b)'s requirements "dooms the class." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011).  Here, the parties proceed under Rule 23(b)(3).

Rule 23(a) provides that class action lawsuits may be certified if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4).  Rule 23(b)(3) dictates that a class action may proceed when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Rule 23(a) provides that plaintiffs may represent a class if the following prerequisites are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In addressing the foregoing requirements, a district court cannot inquire into the merits of the class representatives' underlying claims. Instead, the Court must accept as true the factual allegations contained within the plaintiffs' complaint. *Tedrow v. Cowles*, No. 2:06-cv-637, 2007 U.S. Dist. LEXIS 67391, at *11-12 (S.D. Ohio Sep. 12, 2007) (citations omitted).  The four prerequisites are met here.

To begin, the class is comprised of 147 members. Such a "substantial number" satisfies the numerosity requirement. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Joinder of each would certainly prove impracticable. *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182 (S.D. Ohio 2012).

6

Next, commonality requires only a common question of law or fact. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). In the instant case, the state law Plaintiffs claim that Defendants' compensation policies were unlawful because they failed to pay incentive pay, failed to pay for all work completed due to improper rounding, and failed to pay in a timely manner. (ECF No. 61-1). Whether those policies are unlawful under the noted Ohio statutes is the common question that satisfies the rule.

Third, "[a] plaintiff's claim is typical [under Rule 23(a)(3)] if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. at 286 (internal quotations and citations omitted). Here, the proposed Ohio Settlement Class members rely upon the same course of conduct—Defendants' failure to timely pay them a proper overtime rate—to argue that the Defendants violated the Ohio acts. Thus, the typicality requirement, which is "not onerous," is also satisfied. *Id.*

Lastly, the Court considers whether Plaintiff Brandon Miller, the proposed Ohio Settlement Class Representative, will fairly and adequately represent the Settlement Class Members. *See* Rule 23(a)(4). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Gilbert v. Abercrombie & Fitch, Co.*, No. 2:15-cv-2854, 2016 U.S. Dist. LEXIS 103441, at *17 (S.D. Ohio Aug. 5, 2016) (citations and quotations omitted). In this regard, "[t]he two criteria for determining whether class representatives are adequate are (1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Packaged Ice Antitrust*

*Litig.*, 322 F.R.D. at 286 (quotation and citations omitted). These two requirements are designed to uncover and prevent conflicts of interest among the named parties and the class they seek to represent. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Both prongs are established here. In particular, all proposed Ohio Settlement Class members suffered the same alleged injury and share the same interest—that is, each were not timely paid for overtime and each seeks monies due. Plaintiff Brandon Miller shares the same interest and claims the same injury. That common interest incentivizes him to vigorously prosecute the interest of the class. And, Attorneys Coffman and Contreras are experienced class action practitioners. *See* Coffman and Contreras Decls. The Court therefore appoints Plaintiff Brandon Miller as the Ohio Settlement Class Representative because he will fairly and adequately represent and protect the interests of the Ohio Settlement Class.

Having concluded that Plaintiffs satisfy each of the prongs of Rule 23(a), the Court must now consider whether they likewise establish that this litigation may properly be maintained as a class action under Rule 23(b)(3). That rule permits certification when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. Rule 23(b)(3). Those requirements are reduced to "predominance" and "superiority." *Zehentbauer Family Land, LP v. Chesapeake Expl., L.L.C.*, No. 18-4139, 2019 U.S. App. LEXIS 24289, at *12 (6th Cir. Aug. 15, 2019).

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof."

8

*Randleman v. Fid. Nat'l Title Ins. C*o., 646 F.3d 347, 353 (6th Cir. 2011) (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007)). While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will predominate over individual ones. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012). Hence, "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). The predominance requirement is satisfied here because Defendants' general overtime policies apply to all class members and predominate over the varying hours each class member worked.

The superiority inquiry is whether a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). This requirement aims to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (citation omitted). Courts consider the related factors set forth in Rule 23(b)(3) itself when considering superiority. *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 415-16 (6th Cir. 2018). Those include:

> (1) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (2) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (4) the likely difficulties in managing a class action.

(Rule 23(b)(3)).

The parties argue, and the Court agrees, that the noted factors weigh in favor of finding that a class action is the superior method of proceeding in this instance. First, there is no

evidence that any of the proposed Ohio Settlement Class members have any interest in maintaining this litigation as separate actions. Indeed, "the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of sophistication, lack of resources, lack of representation and similar barriers." *Tedrow*, 2007 U.S. Dist. LEXIS 67391, at *26. Regarding the second factor, the parties do not assert that any individual lawsuits are pending involving the same claims. Third, concentrating the litigation of the claims in this forum is desirable, as the putative class is entirely comprised of Ohio residents, which promotes consistent results. Fourth, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems." *Groshek v. Great Lakes Higher Educ. Corp.*, No. 15-cv-143-jdp, 2016 U.S. Dist. LEXIS 125089, at *8 (W.D. Wis. Apr. 13, 2016) (citation omitted). Lastly, there is no device other than a class action that can resolve these matters as efficiently and fairly. Cases such as this that allege "a single course of wrongful conduct are particularly well-suited to class certification." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (citation omitted). Thus, because the Court determines that common questions predominate and class action resolution is superior to individual causes of action, Rule 23(b)(3) certification is appropriate.

In sum, having concluded that the parties have satisfied the requirements of both Rule 23(a) as well as Rule 23(b)(3), the Court **GRANTS** the motions' requests to certify the Ohio Settlement Class for settlement purposes only.

### 2. Notice

In class actions certified under Rule 23(b)(3), notice must meet the requirements of both Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). Rule 23(e) specifies that no class action

may be settled, dismissed, or compromised without court approval preceded by notice to class members. Rule 23(c)(2)(B) requires that notice to the class be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must be "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *UAW,* 497 F.3d at 629-30 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the Hybrid Notice and the Rule 23 Only Notice "'fairly apprise[s] the prospective members of the class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests." *UAW,* 497 F.3d at 630 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). The Notices explain their purpose, discuss the nature of the pending suit and proposed class and accurately summarize the Agreement. *UAW,* 497 F.3d at 630. Consequently, the Court holds that the Hybrid Notice and the Rule 23 Only Notice satisfy Rules 23(c)(2)(B) and 23(e).

### 3. Class Counsel

Under Rule 23(c)(1)(B) and Rule 23(g) of the Federal Rules of Civil Procedure, class counsel must be appointed because the Court preliminarily certified the Ohio Settlement Class. Rule 23(g) requires the Court to consider four factors when appointing class counsel: "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation," and "the types of claims asserted in the action," "counsel's knowledge of the applicable law," and the "resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Attorneys Matthew Coffman and Peter Contreras seek class counsel designation.

They prosecuted this litigation by, *inter alia*, obtaining and analyzing documents obtained in discovery and completing and filing motions. (ECF No. 301.) They have experience in litigating class actions, have been lead counsel in other class action cases and possess the skill, experience and qualifications necessary to complete the settlement on behalf of the Ohio Settlement Class. They will fairly and adequately represent the interests of the Ohio Settlement Class for settlement purposes. Consequently, the Court designates Attorneys Matthew Coffman and Peter Contreras and their respective firms as Class Counsel.

### 4. Preliminary Approval of Agreement

To approve a Rule 23 class settlement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23). To protect the rights of absent parties, courts review class action settlements to ensure they are not merely "the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers for Justice v. Civil Serv. Comm'n, etc.*, 688 F.2d 615 (9th Cir. 1982)).

Based on the Court's review of the proposed Agreement, the parties' motion practice to date, the amount of discovery exchanged, and the Court's familiarity with the status of the litigation, the Court finds that the proposed Agreement falls "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds in *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (same) (citing Manual for Complex

Litigation, § 30.41 (3rd ed. 1995)). As a result, it is appropriate to direct notice to Ohio Settlement Class members and to schedule a final approval hearing to consider the final fairness of the Settlement Agreement, including any objections that may be filed and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Costs. (ECF No. 62.)

### III. DISPOSITION

For the foregoing reasons, the parties' motions for preliminary approval of the Agreement (ECF Nos. 61, 67) are **GRANTED**. It is further **ORDERED** that:

(1) The Court appoints Brandon Miller and Seth Recore as Class Representatives of the FLSA Settlement Class and Brandon Miller as the Class Representative of the Ohio Settlement Class;

(2) Attorneys Matthew Coffman and Peter Contreras and their respective firms are appointed as Class Counsel for the Rule 23 Ohio Settlement Class pursuant to FED. R. CIV. P. 23(g);

(3) The Court appoints CPT Group, Inc. as Settlement Administrator;

(4) The three Settlement Notices shall be corrected to indicate that the final approval hearing will take place in courtroom 132, not room 167 and to state that objections shall be filed with the Clerk's office, not mailed to chambers;

(5) The Court approves the form and substance of the three Settlement Notices attached to the Agreement as Exhibits A-C (ECF No. 67-1) with the noted alterations. The Court further approves the distribution of the three Settlement Notices via First-Class United States Mail as valid, due, and sufficient notice to Settlement Class Members, pursuant to § 216(b) and FED. R. CIV. P. 23(c)(2)(B);

(6) The Court approves the settlement procedure and timeline set forth in the Agreement;

(7) The Court will conduct a Final Approval Hearing on August 17, 2020 at 1:30 p.m. at 85 Marconi Boulevard, Courtroom 132, Columbus, Ohio, 43215, before the Honorable Sarah D. Morrison to determine the overall fairness of the settlement and to determine the amount of attorney's fees and costs to Class Counsel and service awards; and

(8) Counsel shall file their Motion for Final Settlement Approval, including a declaration describing the results of the settlement notice distribution on or before 14 days prior to the Final Approval Hearing.

**IT IS SO ORDERED**.

<u>/s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
